John D. Bennett, S.
This is an accounting proceeding in which objections were filed. The parties by stipulation have agreed that the proceeding pending before the court be determined upon the account, objections, testimony of witnesses (taken in a hearing to establish one of the objectant’s status as a prima facie creditor), and all papers filed.
The first objection to the payment for a monument in the amount of $581.95 is overruled. The court cannot say that this amount is excessive, as the total funeral bill and monument expense amount to only $950.45.
The second objection to the payment of $1,000 for counsel fees to the accountant’s attorney is likewise overruled.
The third objection to the attorneys’ fee requested in Schedule C-l in the amount of $1,500 for services rendered in the compulsory and voluntary accounting proceedings is sustained to the extent of allowing a fee of $500 for such services.
The fourth objection, that the contestants’ judgments are not given preference in Schedule D pursuant to section 212 of the Surrogate’s Court Act, is overruled since the only other claim appearing in Schedule D has been rejected and the claimant has defaulted. The objection therefore is academic. All other expenses paid are administration expenses which have preference over judgment creditors.
The fifth objection, also concerning the claim upon which there has been a default, is likewise overruled for the reasons appearing above.
The sixth objection is sustained. The contestants’ judgments listed in Schedule D are rejected on the basis of “ late filing ”. *178 There is no other amplification of the basis for the rejection in the account. By its decision of November 12, 1959 (see 19 Misc 2d 746), the court held that if the fiduciary had knowledge of the claims against the estate before distribution was made, the fiduciary would be held responsible, and the court left that issue to be determined on the hearing concerning whether petitioner in the compulsory accounting proceeding was a prima facie creditor. By its decision of January 27, 1960, this court held that petitioner had established that she was a prima facie creditor. On the basis of the testimony at that hearing, the court finds that the fiduciary had actual knowledge of these claims arising from the judgments in the United States District Court. Not only was she served with the summons and complaint in each of the actions, but she appeared at court apparently on the call of the calendar where the trial was adjourned. On that basis, the late filing of the claims, if in fact they were filed late, is no defense. The fiduciary will be surcharged the $1,000 paid to her son as part of his distributive share. No interest on said amount of $1,000 will be allowed until the date of the order fixing such surcharge, for the reason that such amount, if it has been held in the estate account, would not have been required to be put out on interest in view of the small size of the estate.
Objection seven is overruled. While the court feels that the fiduciary acted upon an erroneous premise concerning the late filing of claims under the judgments, there is no evidence of such bad faith or attempt to defraud as would warrant this court in denying commissions as to the administratrix. These commissions are, of course, subject to recalculation based upon the amounts surcharged.
As to objection eight, the court finds that the real property should have been sold, and has the alternative of directing the sale at the present time or surcharging the fiduciary for failing to sell such real property. In view of the fact that the fiduciary has taken title in her own name by reason of assignments from her sons, and has in effect distributed the property to herself, the court will surcharge her for the loss to the estate caused by her failure to sell, and by the distribution to herself of the real property and will leave it to the fiduciary to determine whether she will sell the real property to make up such surcharge, or pay the surcharge out of other funds and retain the real property. The value of the real property shown in the account, less the mortgage thereon, is $14,548.83. It is conceded that the fiduciary as widow has a dower right therein, the exact amount of which cannot be ascertained by the court at this time because it lacks sufficient data.
*179 Objections nine and ten merely list the sequence of events, and require no rulings from the court. They relate to the time of filing the claims, which has become academic under the previous ruling.
Objections 11,12,13,14 and 16 recite certain allegations which require no rulings.
Objection 15 has been disposed of by a prior ruling herein.
This court therefore surcharges the fiduciary with the amount of $1,000 distributed to her son, plus $14,548.83, less the amount of the fiduciary’s dower interest, which will be determined upon furnishing this court with the age of the fiduciary at the death of her husband, and a statement whether the fiduciary as the decedent’s wife was a co-maker of the mortgage. Such proof shall be filed with this court and served upon the attorney for the objectants within two weeks of the date of this decision. Both the attorneys for the administratrix and the attorney for the objectants are requested to submit their calculations of the dower interest in affidavit form within three weeks of this decision.
No order need be submitted on this decision until the requested information has been furnished, and the court makes a determination as to the value of the dower interest.